IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAKOTA R. MOSS,<br><br>    Petitioner<br><br>vs.<br><br>WARDEN,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)  Case No. 20-CV-358<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

This matter is before the Court for case management. Presently pending is a petition under 18 U.S.C. § 2255 filed by Petitioner Dakota R. Moss ("Moss"). For the reasons set forth below, the Office of the Federal Public Defender (previously assigned to represent Moss as to his claim under *United States v. Davis,* 139 S. Ct. 2319 (2019) is **TERMINATED** as Moss's counsel of record. The Court will appoint a CJA Panel Attorney to represent Moss as to all grounds for relief (Docs. 1 & 4) that have been asserted by him. Further, for reasons set forth below, Moss's Motion to Strike the Government's Supplemental Briefing (Doc. 23) is **DENIED**. This matter is **STAYED** pending additional briefing.

                              **I.      BACKGROUND**

Petitioner, Dakota R. Moss, proceeding *pro se*, filed a post-conviction petition under 28 U.S.C. § 2255, arguing that his § 924(c) conviction should be vacated because, under *United States v. Davis,* 139 S. Ct. 2319 (2019), conspiracy to commit Hobbs Act

robbery no longer constitutes a crime of violence ("§ 924(c) claim" or "*Davis* claim").[1] Moss also alleges there was a defect in the Superseding Indictment as to Count III (conspiracy to commit Hobbs Act robbery) and that his Federal Public Defender, Dan Cronin, was ineffective for failing to identify and explain that alleged deficiency ("Count III claim" or "Ineffective Assistance of Counsel claim").

Because Moss raised an argument under *Davis*, pursuant to the Court's policy at the time (SDIL Amended Administrative Order No. 249), Chief Judge Nancy J. Rosenstengel[2] appointed the Federal Public Defender's Office to file an amended petition as to the § 924(c) claim. The Federal Public Defender filed an amended petition on Moss's behalf, expanding on this argument and expressly stating that it was appointed for the sole purpose of addressing Moss's § 924(c) claim. (Doc. 4) ("This amended petition is intended to amend only the *Davis* claim and is not intended to address, cede, or waive any other argument presented in Mr. Moss's original petition.").

Pursuant to the Court's briefing Order, the Government then had 45 days to respond to *all* of Petitioner's arguments. The Government, however, did not respond within that timeframe. Chief Judge Rosenstengel then entered an order directing the Government to respond to "Petitioner's motion." (Doc. 5). It appears that, in entering that order, the Court inadvertently linked its directive only to the Federal Public Defender's

---

[1] In *Davis*, the Supreme Court held that § 924(c)'s residual clause is unconstitutionally vague. 139 S. Ct. at 2323–24, 2336. Thus, after *Davis*, an offense constitutes a crime of violence under § 924(c) *only* if it meets the definition set forth by the elements clause.

[2] The honorable David R. Herndon (Ret.) presided over Moss's plea and sentencing. Following Judge Herndon's retirement, Moss's criminal case and related § 2255 petition was assigned to Chief Judge Nancy J. Rosenstengel. Moss's § 2255 petition was later transferred when the undersigned took the bench. At the time, the Southern District of Illinois was working to clear a backlog of cases following the retirement of two District Judges. This backlog was compounded with the onslaught of the COVID national emergency and the undersigned's sizable criminal docket.

amended petition at Doc. 4, as opposed to linking the directive to both the amended petition (which contained the § 924(c) claim) and Petitioner's *pro se* petition (which contained the ineffective assistance of counsel claim). The Government subsequently responded, addressing only the § 924(c) claim. (Doc. 8).

In its response, the Government addressed Moss's § 924(c) claim on the merits. The Government acknowledged that, following *Davis*, the definition of a "crime of violence" under subsection B of 18 U.S.C. § 924(c) (the "residual clause") is unconstitutionally vague. As such, the Government conceded that if Moss's § 924(c) conviction was premised on the residual clause, Moss would be entitled to relief. The Government noted, however, that *Davis* did not invalidate subsection A of 18 U.S.C. § 924(c) (the "elements clause"). As a result, the Government argued, Moss's § 924(c) conviction, premised on conspiracy to commit Hobbs Act robbery, could be sustained under the elements clause. Additionally, the Government argued that because Moss stipulated to certain facts in his plea agreement, those facts could serve as an alternate basis for his § 924(c) conviction. The Government did not raise any arguments as to the preclusive effect of Moss's unconditional plea agreement, procedural default, or the absence of actual innocence.

The Office of the Federal Public Defender filed a reply, further addressing the *Davis* argument on October 20, 2020. (Doc. 9). Moss did not file a reply addressing his *pro se* argument as to Count III. Moss, however, did send a letter to the Court. (Doc. 9). In the letter, Moss inquired about the status of his petition and specifically asked about his ineffective assistance of counsel claim. At this time, the case had been reassigned to the

3

undersigned. The undersigned, proceeding on the mistaken belief that briefing as to all claims was completed, entered an order advising Moss that his petition was under review. Due to the undersigned's sizable criminal docket, which included a complex multi-defendant RICO case with an expected 3 month trial, as well as the onslaught of the COVID national emergency, the Court was not able to resolve the petition at that time.

Approximately a year and a half after briefing was completed, the Supreme Court issued its decision in in *United States v. Taylor*, 142 S. Ct. 2015 (2022). In *Taylor* the Court held that attempted Hobbs Act robbery does not qualify as a "crime of violence" under the elements clause of § 924(c). Given that the Government's merits-based response argued conspiracy to commit Hobbs Act robbery qualified as a "crime of violence" under the elements clause, the Court directed the Government and the Federal Public Defender to provide supplemental briefing addressing the impact of *Taylor*, if any, on the instant case.

The Government filed a supplemental brief on September 22, 2023. (Doc. 21). In its supplemental briefing, the Government argues, for the first time, that Moss is precluded from bringing a collateral attack premised on *Davis* or *Taylor* because he entered into an unconditional plea agreement. Alternatively, the Government contends that Moss's petition should be denied because, in his plea agreement, Moss admitted to possessing a firearm in furtherance of substantive offenses that constitute crimes of violence (and therefore Moss cannot show actual innocence) and because Moss's claims are procedurally defaulted.

The Office of the Federal Public Defender filed a supplemental brief as well. (Doc. 22). The briefing argues that the Supreme Court's decisions in *Davis* and *Taylor* make clear that conspiracy to commit Hobbs Act robbery is not a crime of violence. (Doc. 22).

Counsel also filed a motion to strike the Government's supplemental briefing. (Doc. 23). Counsel contends that the supplemental briefing should be stricken as unresponsive. According to counsel, the Government was only directed to brief the impact of *Taylor*, and the Government was not authorized to raise, for the first time, an "affirmative defense" asserting the preclusive effect of Moss's unconditional plea agreement. Counsel also objects to allowing the Government to raise arguments as to actual innocence or procedural default. (Doc. 23). Finally, Counsel noted that Moss's ineffective assistance of counsel claim, which the Office of the Public Defender has not been appointed to address (and cannot address given a conflict of interest), has not been briefed. (Doc. 23).

## II.   DISCUSSION

The Court was prepared to resolve Moss's petition, which has been pending for longer than the Court would like. But after reviewing the record, it appears that the parties may have been confused as to the status of Moss's ineffective assistance of counsel claim. Accordingly, to ensure that the record is fully developed, the Court will stay this case to allow for briefing on this claim (Doc. 1, pp. 5-6).

The Court further finds that Moss is financially unable to obtain counsel, is in need of counsel, and is entitled to the appointment of counsel. The Office of the Federal Public Defender has indicated that it has a conflict and cannot represent Moss in connection his

5

ineffective assistance of counsel claim. Accordingly, the Court will appoint a CJA Panel Attorney to represent Moss as to both claims. The Office of the Federal Public Defender is terminated as Moss's counsel of record.

The Court **DIRECTS** the Government to respond to Moss's claim as to Count III of the Superseding Indictment (Doc. 1, pp. 5-6) on or before October 30, 2023. The CJA Attorney shall have 30 days from the date of service of the Government's response to file a reply. If the CJA Attorney believes it is necessary, he or she may submit additional briefing as to the § 924(c) claim on or before that date as well.

The Court has one final matter to address – the pending Motion to Strike the Government's supplemental brief. (Doc. 23). The motion seeks to strike the Government's briefing, claiming it was not limited to issues surrounding § 924(c), *Davis/Taylor*, and "crime of violence." Instead, the briefing raises arguments regarding waiver, actual innocence, and procedural default, for the first time. The motion is **DENIED**.

The undersigned directed the parties to file supplemental briefing regarding the impact of *Taylor* on Moss's § 2255 petition. The Government's response raises arguments regarding waiver, actual innocence, and procedural default as a way of explaining why *Taylor* and *Davis* have no impact on Moss's argument as to his § 924(c) conviction. As such, the supplemental briefing is responsive to the Court's Order and shall not be stricken.

The Court will defer addressing any argument as to whether the Government waived or forfeited its arguments as to Moss's unconditional plea, the lack of actual innocence, or procedural default. However, the Court notes that, as to whether the

Government can waive or forfeit the preclusive effect of Moss's unconditional plea agreement, the Seventh Circuit's decisions *United States v. Combs*, 657 F.3d 565, 568 (7th Cir. 2011) (preclusive effect of unconditional plea cannot be waived or forfeited), and *United States v. Adigun,* 703 F.3d 1014, 1022 (7th Cir. 2012) (same) are instructive.

### III.   CONCLUSION

For the reasons set forth herein, the Court **ORDERS** as follows:

1. The Office of the Federal Public Defender is **TERMINATED** as Moss's counsel of record.

2. A CJA Panel Attorney will be appointed to represent Petitioner Dakota R. Moss in this matter. The appointment will be made by separate order.

3. The Government shall respond to Moss's ineffective assistance of counsel claim (Doc. 1, pp. 5-6) on or before October 30, 2023.

4. The CJA Attorney shall have 30 days from service of the response to file a reply. If necessary, counsel may include additional argument as to the claim challenging the § 924(c) conviction.

5. This matter is **STAYED** pending briefing of Moss's ineffective assistance of counsel claim.

**SO ORDERED.**

Dated: September 28, 2023

/s *David W. Dugan*

---

DAVID W. DUGAN
United States District Judge