# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAKOTA R. MOSS,          )
                            )
      Petitioner        )
                            )
                            )    Case No. 20-CV-358-DWD
vs.                        )
                            )
UNITED STATES OF AMERICA,   )
                            )
      Respondent.

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Petitioner Dakota R. Moss and a friend stole 39 firearms from a farm-supply store and conspired to sell them to, among others, protestors in Ferguson, Missouri. Following his arrest, Moss pled guilty to stealing firearms from a federal firearms licensee in violation of 18 U.S.C. § 922(u) (Count I); conspiracy to interfere with commerce by violence against person or property in violation of 18 U.S.C. § 371 ("Hobbs Act Conspiracy") (Count III); carry and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Count IV); and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count VI).

At issue is whether Moss's § 924(c) conviction for using a firearm during a crime of violence, which was predicated on conspiracy to commit Hobbs Act robbery, is no longer valid under *United States v. Davis*, 139 S. Ct. 2319 (2019) and *United States v. Taylor*, 142 S. Ct. 2015 (2022). (Doc. 1, p. 2; Doc. 4). Moss, in his *pro se* petition, also claims that the "overt acts" and "object of conspiracy" stated in the Superseding Indictment as to Count

III of the Superseding Indictment (conspiracy to commit Hobbs Act robbery) "do not meet the elements required to sustain a Hobbs Act Robbery," and that counsel was ineffective for failing to explain this deficiency in the Superseding Indictment. (Doc. 1, p. 4).

## I.   BACKGROUND[1]

Moss and a friend stole a pickup truck, used it to ram a gate outside a farm-supply store, smashed a window to gain access, and stole 39 firearms, candy, and soda. Moss and his friend were arrested the following day and confessed to conspiring to sell the stolen firearms either to protestors in Ferguson, Missouri, or to "other criminal elements" in Centralia, Illinois.

In connection with these events, Moss was arrested and charged with the following crimes by superseding indictment: stealing firearms from a federal firearms licensee in violation of 18 U.S.C. § 922(u) (Count I); carry and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Count II); conspiracy to interfere with commerce by violence against person or property in violation of 18 U.S.C. § 371 ("Hobbs Act Conspiracy") (Count III); carry and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Count IV); possession of stolen firearms in violation of 18 U.S.C. § 922(j) (Count V); and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count VI) (Crim. Case Doc. 24).

---

[1] References to Moss's underlying criminal case, *United States v. Moss*, 14-cr-30208-NJR-1, take the form: Crim. Case --.

On April 29, 2015, Moss entered an unconditional guilty plea pursuant to a written plea agreement to Counts I, III, IV, and VI of the superseding indictment (Crim. Case Doc. 40). Counts II and V were dismissed on a motion of the Government (Crim. Case Doc. 50). On September 11, 2015, Moss was sentenced to 248 months' imprisonment (120 months on Count I and 60 months on Count III, to run concurrent to each other; 68 months on Count VI, to run consecutive to Counts 1 and 3; and 60 months on Count IV, to run consecutive to Count 6) (Crim. Case Doc. 50). Judgment was entered on September 14, 2015 (Crim. Case Doc. 52) As is relevant to the instant petition, Moss's § 924(c) conviction and sentence for using and carrying a firearm during a crime of violence (Count IV), was predicated on conspiracy to commit Hobbs Act robbery (Count III) (Crim. Case Docs. 24, 40).

Moss, proceeding *pro se*, filed a post-conviction petition under 28 U.S.C. § 2255, arguing that his § 924(c) conviction should be vacated because, under *United States v. Davis,* 139 S. Ct. 2319 (2019), conspiracy to commit Hobbs Act robbery no longer constitutes a crime of violence.[2] Moss also alleges there was a defect in the Superseding Indictment as to Count III (conspiracy to commit Hobbs Act robbery) and that counsel was ineffective for failing to identify and explain that alleged deficiency.

Because Moss raised an argument under *Davis*, pursuant to the Court's policy at the time, the Court appointed the Federal Public Defender's Office to file an amended

---

[2] In *Davis*, the Supreme Court held that § 924(c)'s residual clause is unconstitutionally vague. 139 S. Ct. at 2323–24, 2336. Thus, after *Davis*, an offense constitutes a crime of violence under § 924(c) *only* if it meets the definition set forth by the elements clause.

petition as to the *Davis* claim. The Federal Public Defender filed an amended petition on Moss's behalf, expanding on this argument and expressly stating that it was appointed for the sole purpose of addressing Moss's claim under *Davis*. (Doc. 4) ("This amended petition is intended to amend only the *Davis* claim and is not intended to address, cede, or waive any other argument presented in Mr. Moss's original petition."). Pursuant to the Court's briefing Order, the Government then had 45 days to respond to *all* of Petitioner's arguments, and Petitioner then had 30 days to file a reply. (Doc. 2).

On October 13, 2020, the Government filed its response. (Doc. 8). In its response, the Government acknowledges that, following *Davis*, the definition of a "crime of violence" under subsection B of 18 U.S.C. § 924(c) (the "residual clause") is unconstitutionally vague. As such, the Government concedes that if Moss's § 924(c) conviction was premised on the residual clause, Moss would be entitled to relief. The Government notes, however, that *Davis* did not invalidate subsection A of 18 U.S.C. § 924(c) (the "elements clause"). As a result, the Government argues, Moss's § 924(c) conviction, premised on conspiracy to commit Hobbs Act robbery, could be sustained under the elements clause. Additionally, the Government argues that because Moss stipulated to certain facts in his plea agreement, those facts could serve as a basis for his § 924(c) conviction. The Government does not address Moss's *pro se* argument regarding defects in the Superseding Indictment as to Count III. The Office of the Federal Public Defender filed a reply, further addressing the *Davis* argument on October 20, 2020 (Doc. 9).

After briefing was completed, the Supreme Court issued its decision in in *United States v. Taylor*, 142 S. Ct. 2015 (2022). In *Taylor* the Court held that *attempted* Hobbs Act robbery does not qualify as a "crime of violence" under the elements clause of § 924(c). Given that the Government's initial briefing argued that *conspiracy* to commit Hobbs Act robbery qualified as a "crime of violence" under the elements clause, the Court allowed the parties to provide supplemental briefing addressing the impact of *Taylor*, if any, on the instant case.

The Government filed a supplemental brief on September 22, 2023. (Doc. 21). In its supplemental briefing, the Government argues, for the first time, that Moss is precluded from bringing a collateral attack premised on *Davis* or *Taylor* because he entered into an unconditional plea agreement. Alternatively, the Government contends that Moss's petition should be denied because, in his plea agreement, Moss admitted to possessing a firearm in furtherance of substantive offenses that constitute crimes of violence (and therefore Moss cannot show actual innocence) and because Moss's claims are procedurally defaulted.

The Office of the Federal Public Defender filed a supplemental brief as well, arguing that the Supreme Court's decisions in *Davis* and *Taylor* make clear that conspiracy to commit Hobbs Act robbery is not a crime of violence. (Doc. 22). Counsel also suggests that the Government waived or forfeited arguments as to Moss's unconditional plea, the lack of actual innocence, or procedural default by not raising these arguments in its initial briefing. Additionally, counsel argues that the Petition could not

be denied on the merits absent additional briefing on Moss's claim as to Count III, which the Office of the Public Defender was not appointed to address. (Doc. 23).

In reviewing the relevant pleadings, the Court recognized that certain case management orders may have created confusion regarding briefing as to Moss's *pro se* claim regarding Count III. Accordingly, the Court ordered the parties to file one last round of briefing to fully develop the record on that claim. The Government filed its supplemental briefing on November 30, 2023 (Doc. 36), and Moss, through a CJA attorney, filed his supplemental briefing on December 19, 2023 (Doc. 37).[3]

## II.    DISCUSSION

### A. Preliminary Matters

#### 1.    Unconditional Guilty Plea – Forfeiture or Waiver

As a preliminary matter, the Court will address whether the Government waived or forfeited[4] its argument as to the preclusive effect of Moss's unconditional plea. The Government's initial response addressed the merits of Moss's § 924(c) argument. The Government did not raise any arguments as to Moss's unconditional guilty plea.[5]

"When a defendant enters an unconditional guilty plea, he waives all nonjurisdictional defects arising before his plea[.]" *United States v. Combs*, 657 F.3d 565, 568 (7th Cir. 2011). Some circuits treat unconditional pleas as a procedural waiver, "which

---

[3] The Office of the Federal Public Defender could not brief this claim due to a conflict. Accordingly, the Court appointed a CJA Panel attorney to represent Moss. (Doc. 24).

[4] As the Seventh Circuit has explained, waiver "means the intentional relinquishment of a known right," while forfeiture means "the failure to timely assert a right." *Kaczmarek v. Rednour*, 627 F.3d 586 (7th Cir. 2010).

[5] The Court does not reach the Government's arguments as to actual innocence or procedural default. As such, the Court need not assess whether these arguments have been waived or forfeited.

can in turn be waived or forfeited by the government[.]" *United States v. Adigun,* 703 F.3d 1014, 1022 (7th Cir. 2012). The Seventh Circuit is not one of those courts. The Seventh Circuit has said that because an unconditional guilty plea resolves the issue of factual culpability, it impacts subject matter jurisdiction. *Combs,* 657 F.3d at 568-71. As a result, the preclusive effect of an unconditional guilty plea cannot be waived or forfeited. *Id.* Thus, "even when the government fails to assert the waiver effect of a defendant's unconditional plea, the appellate court has an independent obligation to reject the appeal because it no longer has subject-matter jurisdiction." *Adigun*, 703 F.3d at 1022. Accordingly, if Moss's unconditional guilty plea is valid and enforceable, the Court lacks jurisdiction to consider any argument raised by Moss involving nonjurisdictional defects arising before his plea.

### 2.    Validity of Guilty Plea

In the instant case, the Court need not independently analyze the validity of Moss's unconditional guilty plea for two reasons. First, Moss does not raise any argument contesting the validity of his plea agreement. Second, the Seventh Circuit has already determined that Moss's guilty plea and the waivers contained in his plea agreement are valid. (Crim Case, Doc. 69-1, p. 2) ("[Moss's] guilty plea is valid, and thus, so is the appeal waiver.').

### B. Petitioner's Claims

### 1.    Claim:  Hobbs Act Conspiracy, the Predicate Offense for Moss's § 924(c) Conviction, is not a Crime of Violence[6]

---

[6] This claim is based on the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). As such, it is timely under 28 U.S.C. § 2255(f)(3).

Moss contends that, considering the Supreme Court's decisions in *Davis* and *Taylor*, conspiracy to commit Hobbs Act robbery is no longer a crime of violence. Although the Seventh Circuit has not spoken directly on this issue, the Court agrees. *See e.g.*, *Brown v. United States*, 942 F.3d 1069, 1075–76 (11th Cir. 2019) (collecting cases); *Hall v. United States*, 58 F.4th 55, 62–64 (2d Cir. 2023) (under *Davis* and *Taylor* neither Hobbs Act conspiracy nor attempted Hobbs Act robbery is a valid predicate crime); *United States v. Green*, 67 F.4th 657, 662–63 (4th Cir. 2023) (same).

The Government, however, correctly contends that Moss's challenge to his § 924(c) conviction is precluded by his unconditional plea agreement. The Seventh Circuit addressed the issue of waiver, as it applies in this scenario, in *Grzegorczyk v. United States*, 997 F.3d 743 (7th Cir. 2021). In *Grzegorczyk*, the defendant pled guilty to one count of murder-for-hire and one count of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). *Id.* at 745. Pursuant to his plea agreement, Grzegorczyk waived, among other rights, the right to "all appellate issues that might have been available if he had exercised his right to trial." *Id.*[7] Grzegorczyk could only

---

[7] Like Grzegorczyk, Moss waived "all appellate issues that might have been available if [he] had exercised the right to trial." (Crim. Case Doc. 40, p. 12). He also waived "the right to contest any aspect of the conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater)[,] while reserving the right to appeal the reasonableness of his sentence. (Crim. Case. Doc. 40, p. 13). The Court notes that, pursuant to the plea agreement, Moss's waiver of his right to appeal or bring collateral challenges does not apply to "any subsequent change in interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit that is declared retroactive by those Courts and that renders the defendant actually innocent…" (Crim Case Doc. 40, p. 13). But, as is discussed more fully below, given the admissions in Moss's stipulation of facts (Crim Case Doc. 41, pp. 2-4) (admitting to a completed Hobbs Act robbery and to possessing a gun in furtherance of the same), Moss cannot establish actual innocence.

appeal the validity of his guilty plea and the sentence imposed. *Id.* After his sentencing, the Supreme Court decided *Johnson v. United States*, invalidating as unconstitutionally vague the definition of a "violent felony" under the residual clause of the Armed Career Criminal Act, *see* 576 U.S. 591, 606 (2015). The Supreme Court subsequently extended this reasoning to the residual clause of § 924(c) in *Davis*, holding that the definition of "crime of violence" in that statute's residual clause was unconstitutionally vague. Grzegorczyk filed a petition under 28 U.S.C. § 2255 seeking relief from his § 924(c) conviction in light of *Johnson* and *Davis*. *Grzegorczyk*, 997 F.3d at 746.

The Seventh Circuit held that Grzegorczyk waived his claim. In reaching this decision, the Appellate Court explained that an unconditional plea of guilty is sufficient to waive a defendant's right to contest the proper interpretation of the statute of conviction. *Grzegorczyk, 997 F.3d at 748*. Because Grzegorczyk was challenging an issue of statutory construction – whether murder-for-hire was a "crime of violence" under § 924(c)'s elements clause – his unconditional guilty plea waived that issue.

The same is true in the instant case. Moss asserts that conspiracy to commit Hobbs Act robbery does not constitute a crime of violence under § 924(c). But Moss's argument is waived by his unconditional plea agreement. *See* e.g., *Muratovic v. United States*, No. 193341, 2022 WL 1741615, at *1 (7th Cir. May 31, 2022) (reiterating that an unconditional guilty plea waives any contention that an indictment fails to state an offense); *Oliver v. United States*, 951 F.3d 841, 844-45 (7th Cir. 2020) (unconditional guilty plea barred defendants from arguing that their predicate crime of violence for a § 924(c) conviction no longer qualified after *Davis*); *United States v. Carson*,

855 F.3d 828, 830-31 (7th Cir. 2017) (defendant waived the right to challenge whether his predicate crime of violence qualified under the residual clause); *United States v. Wheeler*, 857 F.3d 742, 744-45 (7th Cir. 2017) (same); *Davila v. United States*, 843 F.3d 729, 731-32 (7th Cir. 2016) (same).[8]

One final matter warrants the Court's attention: Pursuant to the plea agreement, Moss's waiver of his right to appeal or bring collateral challenges does not apply to "any subsequent change in interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit that is declared retroactive by those Courts and that renders the defendant *actually innocent*…" (Crim Case Doc. 40, p. 13) (emphasis added). In the instant case, in his stipulation of facts, Moss admitted to committing a completed Hobbs Act robbery and to possessing a gun in furtherance of the same. (Crim Case Doc. 41, pp. 2-4). Hobbs Act robbery is still a crime of violence. Accordingly, Moss's admissions preclude a finding of actual innocence and provide a basis for the disputed 924(c) conviction. *See United States v. Starwalt*, 701 F. App'x 508, 510 (7th Cir. 2017) (fact that defendant admitted "to the robberies," provided a basis for a 924(c) conviction even though defendant did not plead guilty to Hobbs Act robbery*); Davila v. United States*, 843 F.3d 729 (7th Cir. 2016) (a defendant's admissions to actions and substantive offenses, even where defendant did not plead guilty to the substantive offenses, are sufficient to provide a basis for a §924(c) conviction). *See also Oliver v. United States*, 951 F.3d 841, 847 (7th Cir. 2020) (rejecting defendants' argument that enforcing

---

[8] In light of the Court's finding as to the preclusive effect of Moss's unconditional plea agreement, the Court need not address the Government's arguments as to actual innocence or procedural default.

collateral-attack waivers in their plea agreements would be a miscarriage of justice due to actual innocence of their § 924(c) convictions, because (1) the government's only arguable wrongdoing "was failing to anticipate changes in the Supreme Court's jurisprudence" and (2) the government could have premised the convictions on uncharged conduct).

### 2.    Claim:  Defect in the Indictment and Related Ineffective Assistance of Counsel as to Count III.

As to Count III (conspiracy to commit Hobbs Act robbery), Moss alleges that the "overt acts" and the "object of the conspiracy" listed in the Superseding Indictment "do not meet the elements required to sustain a Hobbs Act robbery" because they contain "no real or attempted force, threats, or violence against another person." (Doc. 1, p. 4) (emphasis added). Moss further alleges that Dan Cronin, the Federal Public Defender representing Moss at the time, failed to explain the "force, threats, or violence" requirements to him, and that this failure establishes he received ineffective counsel.

The Government contends that Moss's claim as to Count III must be rejected because it is untimely. The Court agrees. Moss's claim as to Count III is barred by the applicable one-year statute of limitations under 28 U.S.C. § 2255(f)(1)-(4). To that end, the Seventh Circuit dismissed Moss's appeal on June 17, 2016. (Crim Case Doc. 69). As a result, Moss's conviction was final in September 2016. Moss did not file his § 2255 petition until April 16, 2020, making it untimely under § 2255(f)(1). In addition, none of the other possible exceptions set forth in § 2255(f)(2)-(4) apply to this claim.

The fact that Moss is asserting a separate claim that is timely does not alter the Court's analysis as to this claim. "[T]he timeliness of each claim asserted in a section 2255 motion ... must be considered independently." *Davis v. United States*, 817 F.3d 319, 328 (7th Cir. 2016). "The simple fact that [the petitioner] might have one timely claim to make under section 2255 based on a Supreme Court precedent issued years after his conviction otherwise became final does not allow him to tack on additional, otherwise untimely claims to that one timely claim." *Id.* As a result, the claims regarding Count III are untimely under § 2255(f)(1) and must be dismissed.

In addition, even if Moss's Count III claim was timely, it would be precluded by his unconditional guilty plea. Moss claims that Count III of the Superseding Indictment is defective because it does not state an offense and that counsel was ineffective for failing to identify the alleged defect. Such a claim pertains to a pre-plea matter and is nonjurisdictional. *United States v. Cotton*, 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002); *United States v. Perez*, 673 F.3d 667, 670 (7th Cir. 2012); *United States v. Lowe*, 512 Fed. Appx' 628, 630 (7th Cir. 2013). Because Moss's claim as to Count III pertains to an alleged nonjurisdictional defect arising before Moss's plea, it is barred by his unconditional guilty plea. *See United States v. Combs*, 657 F.3d 565, 568 (7th Cir. 2011). *See also U.S. v. Wheeler*, 857 F.3d 742, 745 (7th Cir. 2017), cert. denied, 138 S. Ct. 640, 199 L. Ed. 2d 543 (2018) ("[A]n unconditional guilty plea waives any contention that an indictment fails to state an offense.").

Finally, Moss's contention regarding alleged defects in Count III of the Superseding Indictment is without merit. Moss contends that Count III is defective

12

because it did not allege a completed Hobbs Act robbery. But Moss was not charged with a substantive Hobbs Act violation. Moss was charged with *conspiracy* to commit Hobbs Act robbery, and the Superseding Indictment alleges each element of a Hobbs Act conspiracy. (Crim. Case Doc. 24); 18 U.S.C. § 371.

Moss also appears to argue that Count III is defective because it does not allege the use of physical violence against a *person*. But Hobbs Act robbery does not require the use or threat of force or violence against a *person*. "[A] person may commit Hobbs Act robbery by threatening physical violence against any 'person *or property*.'" *Bridges v. United States*, 991 F.3d 793, 800 (7th Cir. 2021) (emphasis added). *See also United States v. Chapelle,* 41 F.4th 102, 109 (2nd Cir. 2022) (Hobbs Act robbery applies to "force or threats against property, even in the absence of 'proximity between the person from whom the taking occurs and the threat to property.'" (quoting *United States v. Eason,* 953 F.3d 1184, 1190-91 (11th Cir. 2020).

For these reasons, Moss's arguments regarding alleged defects in Count III are without merit. Moss cannot establish that his attorney was ineffective for failing to identify and explain a "defect" in the Superseding Indictment that did not exist. Thus, the alleged defect in the Superseding Indictment does not provide a basis for an ineffective assistance of counsel claim.[9]

### III.   CONCLUSION

---

[9] The Government raises several additional arguments in opposition to Moss's claim as to Count III. Given the Court's findings herein, it will not address those additional arguments.

For the reasons set forth above, Petitioner Dakota R. Moss's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2255 is **DENIED**. This case is **DISMISSED** with prejudice and the Clerk is **DIRECTED** to close the case and enter judgment accordingly. The Court declines to issue a certificate of appealability.

     **SO ORDERED.**

     Dated: February 12, 2024

/s *David W. Dugan*

_____

DAVID W. DUGAN
United States District Judge
